IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| CHRISTOPHER O'NEAL PATTERSON-BEY, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) 1:14CV9 ) |
| FRANK PERRY, | ) ) ) |
| Respondent. | ) |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, submitted a petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody. For the following reasons, the Petition cannot be further processed.

1. Filing fee was not received, nor was an affidavit to proceed *in forma pauperis* submitted and signed by Petitioner.

2. Petitioner does not indicate that state court remedies have been exhausted as required by 28 U.S.C. § 2254(b). As he has been told in the past, this Court cannot grant relief unless state court remedies have been exhausted. Id. In North Carolina, a petitioner may satisfy the exhaustion requirement of § 2254 by raising his claim(s) in a direct appeal of his conviction and/or sentence to the North Carolina Court of Appeals followed by a petition to the Supreme Court of North Carolina for discretionary review, or by raising his claims in a Motion for Appropriate Relief ("MAR") and petitioning the North Carolina Court of Appeals for a writ of certiorari if the MAR is denied. See Lassiter v. Lewis, No. 5:11HC2082D, 2012 WL 1965434, at *4-5 (E.D.N.C. May 31, 2012) (unpublished) (citing O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999), and N.C. Gen. Stat. §§ 7A–31, 15A–1422).

3. Petitioner's claims for relief appear to be more in the nature of statements regarding issues of race, nationality, slavery, and the portions of the United States Constitution than they are claims that Petitioner's constitutional rights were violated during his criminal prosecution. Petitioner must raise proper claims for relief and not simply make statements. Further, Petitioner sets out facts relating based on his status as a "Moor" or a descendent of "Imported African Moors." Petitioner should be aware that this Court has regularly dismissed for being frivolous claims based on the fact that a plaintiff or petitioner is a "Moor," "Moorish American," or of similar ethnic origin. Finally, simply claiming to be a "Moor" or a member of the "Moorish American Nation" will in no way absolve Petitioner of criminal acts for which he was convicted or provide a jurisdictional challenge to his convictions. See, e.g., Pitt-Bey v. District of Columbia, 942 A.2d 1132, 1136 (D.C. 2008) (rejecting a jurisdictional claim raised by a member of "The Nation of Moorish-Americans" based on international treaties). .

4. Petitioner did not complete the habeas form, but left significant portions of the form blank, including those portions setting out the conviction or sentence that he seeks to challenge.

Because of these pleading failures, the Petition should be filed and then dismissed, without prejudice to Petitioner filing a new petition on the proper habeas corpus forms with the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, and otherwise correcting the defects noted. The Court has no authority to toll the statute of limitation, therefore it continues to run, and Petitioner must act quickly if he wishes to pursue this petition. See Spencer v. Sutton, 239 F.3d 626 (4th Cir. 2001). To further aid Petitioner, the Clerk is instructed to send Petitioner a new application to proceed *in forma pauperis*, new § 2254 forms, and instructions for filing a § 2254 petition, which Petitioner should follow.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Petitioner § 2254 forms, instructions, and a current application to proceed *in forma pauperis*.

IT IS RECOMMENDED that this action be filed, but then dismissed *sua sponte* without prejudice to Petitioner filing a new petition which corrects the defects of the current Petition.

This, the 10th day of January, 2014.

_____
Joe L. Webster
United States Magistrate Judge